■ In the Matter of the Claim of STUART MYERS, Respondent, v. DOEHLER-JARVIS DIVISION NATIONAL LEAD COMPANY, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by employer from a decision of the Workmen's Compensation Board discharging the Special Disability Fund from liability under subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant was injured on November 29, 1962 while in the employ of the self-insured employer. This injury to his left foot required several surgical operations, including a triple arthrodesis on May 20, 1963. Claimant suffered complications at the time of this surgery. He had a cardiac episode and he developed pneumonitis and pleurisy which aggravated a pre-existing emphysema. Claimant has been totally disabled from the date of the accident with a partial disability due to the injury to the left foot and total disability predicated upon the causally related chest condition. Claimant had several different medical problems and had received compensation for a prior leg injury. The employer had knowledge of these conditions and in fact had given claimant notice that he was to be retired early because of his physical inability to do his work. This is the basis for the claim for reimbursement which alleges that claimant had pre-existing physical impairments resulting from chronic bronchitis, emphysema, cervico osteoarthritis and the injury to the left leg. The board, by its decision, implicitly found that the resulting disability caused by the complications of the compensable surgery was not materially and substantially greater than would have resulted from this incident alone. Whether the pre-existing condition caused disability materially and substantially greater than would have otherwise resulted from both conditions is a factual question for the board and where, as here, its decision is supported by substantial evidence, it must be affirmed (*Matter of Scarangello* v. *Town of North Hempstead*, 3 A D 2d 874). The cases cited by appellant are distinguishable as the present record lacks medical evidence to support a finding that the "permanent disability caused by both conditions * * * is materially and substantially greater than that which would have resulted from the subsequent injury * * * alone" (Workmen's Compensation Law, § 15, subd. 8, par. [d]). (See *Matter of Orken* v. *Food Fair Stores*, 28 A D 2d 757, 758.) We cannot say as a matter of law in the instant case that the board erred in its determination. Decision affirmed, with costs to Special Disability Fund. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.